Powell, Appellant, *v.* Taylor.

Argued October 5, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Milton J. Kolansky,* for appellant.

*Harry P. O'Neill, Jr.,* with him *Frank M. Walsh,* for appellee.

OPINION BY ROSS, J., March 24, 1955:

This is an appeal by the claimant in a workmen's compensation case. The compensation authorities, affirmed by the court below, refused an award on the basis that the claimant, David E. Powell, had not shown that he had suffered an accident within the meaning of our Workmen's Compensation Act.

The claimant was employed by the defendant as a carpenter for nine months in 1943, all of 1944 and 1945, and from January 1, 1946 to June 18, 1946, and during this employment was using "lumber that had stood in the lumber yards for a long period of time". He described this lumber as being dusty and moldy, requiring brushing and scraping before use, and that he breathed and inhaled this material which caused him to cough and produce a black substance. In March 1946 his chest and throat became infected; he developed a cough, became ill and was totally disabled on June 18, 1946. Claimant was treated by four physicians up to July 5, 1946, when he was examined by Dr. E. L. Kiesel, who appeared as claimant's only medical witness.

Dr. Kiesel testified that tests of claimant's sputum revealed pus cells and yeast clumps; that he diagnosed claimant's condition as a yeast infection of the lungs; that in his opinion claimant suffered from moniliasis, a disease caused by monilia, a yeast spore or fungus found in decayed vegetable matter; that he attributed the source of the infection to the handling of old lumber in the course of employment which probably had monilia on it. There is considerable confusion through-

out the testimony of Dr. Kiesel on the question of whether moniliasis is a disease which can result from a single contact with the monilia bacilli or whether it results only from exposure over a period of time, but his final answer to the question would appear to be: "I don't think any man can say whether it was a single or a continued exposure that did it."

In denying compensation the Board found, inter alia: "7. That the claimant is suffering from a chest infection, the nature and cause of the infection not being defined and determined by competent, credible and convincing medical evidence." Notwithstanding such finding, if we were to assume that claimant's disability results from a yeast infection of his lungs, such infection, under the circumstances of this case, could not be termed an accident within the meaning of the Act.

*Billo v. Allegheny Steel Co.*, 328 Pa. 97, 195 A. 110, was an action of trespass brought by an employe against his employer to recover damages for silicosis alleged to have been contracted by plaintiff while working at defendant's plant. The action was brought before the enactment of the Occupational Disease Act. The employer took the position that the action was barred by the Workmen's Compensation Act, contending that silicosis causes violence to the physical structure of the body and that therefore an employe who contracts it is "injured" within the meaning of section 301 of the Workmen's Compensation Act and though the Act does not provide compensation for such injury, the employe is barred from bringing an action for damages arising from it.

The Supreme Court, in rejecting the argument advanced by the employer, stated at page 100: "The error in appellant's reasoning is this. The Workmen's Compensation Act does not apply to all cases where

workmen receive injuries which do 'violence to the physical structure of the body'. Every disease affecting human beings is pathologically an alteration of the normal, 'healthy' condition of the human body. This alteration involves some degree of 'violence', though in common usage the word 'violence' connotes a *vehement* application of force as, for example, when the word is used to describe the intensity and destructiveness of a storm. 'Violence' or 'violent' is not ordinarily used to characterize the progress of a disease. Tuberculosis, like silicosis, causes, in a technical sense, violence to the physical structure of the body, yet when one dies of such a disease we do not say that he 'died a violent death,' as we do when a person meets death by being struck by an automobile or by being shot. Diseases are often 'virulent' but they are not 'violent'."

The claimant here is in precisely the same position as the employer in the *Billo* case. There it was the contention of the employer that an employe who contracted silicosis, which had not then attained the status of a compensable occupational disease, had suffered "injury by an accident". Here claimant makes the similar contention that because he contracted lung infection while working with dirty lumber he suffered "injury by an accident".

In *Loudon v. H. W. Shaull & Sons,* 140 Pa. Superior Ct. 106, 13 A. 2d 129, the employe died as the result of typhoid fever contracted from drinking contaminated water while working on a highway construction job. We held that there was no accident, stating at page 109: "In common parlance, typhoid fever is considered as a disease, not an accident, unless the illness is attributable to some antecedent occurrence of an unusual and unexpected character which may fairly be termed an accident. It will be observed that an accident is a 'sudden and unexpected event'. A

sudden event implies a distinct happening or occurrence at a particular time: Mauchline v. State Ins. Fund, 279 Pa. 524, 526, 124 A. 168. . . ." In the *Loudon* case the disease under consideration had a fairly well-defined period of incubation to assist in fixing the time of infection. Here the claimant's witness testified that "Moniliasis is a very rare disease of the lungs, and I don't believe that the period of incubation of this disease has been determined." There was in the *Loudon* case no "sudden event", no "distinct happening or occurrence at a particular time" despite the evidence that the average period of incubation of typhoid fever germs is from 10 to 14 days. A fortiori, there is no such event or occurrence in the case at bar where there is no known period of incubation to aid in fixing the time of infection, and where the only evidence with respect to when claimant became infected is his testimony that he first became ill in March 1946. Claimant's own medical witness was unable to fix even an approximate time "when the incident occurred which involved the inhalation of the yeast mold".

In *Simon v. Fine*, 167 Pa. Superior Ct. 386, 74 A. 2d 674, claimant, a meat inspector, contracted Weil's disease while employed in defendant's slaughter house. The disease develops from oral ingestion of anything contaminated by a certain type of rat, and particularly by rat excreta. Claimant became ill on July 26, 1948, and in his claim petition fixed that as the date of the accident. At the hearing he changed the date of July 16, to conform with the medical testimony that there is an incubation period of 5 to 20 days. He then traced his infection back to July 16 when, according to claimant, his lunch box had been knocked from a shelf, his lunch spilled to the floor and the paper in which it was wrapped torn. Claimant testified that

652

the slaughter house had been infested with rats during the 5 years that he had worked there. We stated at page 393: "Contracting Weil's disease by eating contaminated food is no more an accident in the 'usual, ordinary, popular sense' of the word (Lacey v. Washburn & Williams Co., 309 Pa. 574, 577, 164 A. 724), than contracting typhoid fever by drinking contaminated water. Loudon v. H. W. Shaull & Sons, supra."

We agree with the statement of the learned court below that "In the administration of the Workmen's compensation law, there arises an occasional instance of disability not unconnected with the employment for which the law has not provided compensation. The present case is one of them. The record discloses neither an accident nor a compensable occupational disease which would entitle the claimant to an award. The sympathy of the court is with him but the law unfortunately is not."

Order affirmed.