## Baur, Appellant, *v.* Mesta Machine Company.

Argued March 21, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Clyde E. Donaldson,* for appellant.

*Henry E. Rea, Jr.,* with him *Alan D. Riester,* and *Brandt, Riester, Brandt & Malone,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, June 30, 1958:

Plaintiff instituted an action in trespass to recover for the death of her husband which allegedly resulted from the negligence of his defendant employer, Mesta

Machine Company. The court below sustained the defendant's preliminary objections to the plaintiff's complaint upon the ground that plaintiff's exclusive remedy was under the Workmen's Compensation Act, and, accordingly, dismissed the complaint.

The decedent, regularly employed as a steel chipper in the Roll Shop of defendant's plant, on February 29, 1956, (the date of his death), was scheduled to work an eight hour shift beginning at 3:00 P.M. Decedent reported for work at the proper hour, but, after about fifteen minutes on his job, became bothered by a pain in his arms and chest. No unusual physical exertion or mishap was alleged to have brought on his discomfort. He immediately proceeded to a dispensary provided by the employer and to which employees were directed to report for care if they were injured or became ill while at work, related his symptoms to the attendant in charge, and requested his assistance. The attendant kept decedent in his care and custody until 6:00 P.M., during which time the plaintiff alleges "decedent's physical condition deteriorated and the pain in his arms and chest increased so that it was difficult for [him] to breathe." At that time, the decedent was placed in a taxicab by the attendant who instructed the driver to take him to his home. While enroute, the driver, having noticed that decedent had become unconscious, immediately proceeded to a hospital where it was determined that the decedent had died as the result of a coronary occlusion.

Plaintiff argues that since decedent's death was not the result of an industrial "accident", the Workmen's Compensation Act[1] is inapplicable, and that the com-

---

[1] Act of June 21, 1939, P. L. 520 *et seq*. "This act . . . shall apply to all *accidents* occurring within this Commonwealth . . .". (Emphasis supplied).

mon law right to sue an employer for an injury not encompassed by the Act, but caused by his negligence, is retained by the employee or his representative.

The question of what is, or is not, an accident so that the resulting injury may be regarded as compensable has arisen on numerous occasions in the interpretation and application of the Workmen's Compensation Act.[2] As applied to the treatment or care of an injured or ill employee, the cases fall into two distinct categories. The first category is where the initial injury is admittedly accidental, and the only issue to be decided is whether any aggravation or more serious illness resulting from subsequent treatment is compensable.[3] In this situation, recovery has been uniformly allowed upon proof of a causal connection between the initial accident, the treatment and the resulting injury.[4] In the present case, however, there is no evidence of any mishap having brought on decedent's illness so as to bring his death within this rule.

The second class is comprised of cases where the initial illness is not accidental, but the subsequent treatment of the employee results in an injury which is so regarded. Thus in *Warr v. Dick Bros., Inc.,* 6 D. & C. 288, and *Leonard v. Fox,* 27 D. & C. 475, re-

---

[2] See cases collected in *Crispin v. Leedom and Worrall Company,* 142 Pa. Superior Ct. 1, 15 A. 2d 549.

[3] *Hornetz v. Philadelphia & Reading C. & I. Co.,* 277 Pa. 40, 120 A. 662; *Visnic v. Westmoreland Coal Co.,* 155 Pa. Superior Ct. 199, 38 A. 2d 539; *Flowers v. Canuso & Son,* 115 Pa. Superior Ct. 234, 175 A. 287; *Yunker v. W. Leechburg S. Co.,* 109 Pa. Superior Ct. 220, 167 A. 443.

[4] " 'The violence caused the injury, the injury caused the operation, the operation caused the anaesthetization, the anaesthetization caused dilatation of the heart and dilatation of the heart caused death. Hence there was a causal connection between the [original] violence and [the subsequent] death.' " *Hornetz v. Philadelphia & Reading C. & I. Co.,* supra, at 41.

covery under the Act was allowed where employees mistakenly drank substances which they believed would alleviate their sickness, but which in fact proved harmful. Appellant attempts to distinguish these cases on the theory that the injury was caused by a sudden positive act, while in the present case, death resulted from an omission to act without any sudden physical violence, and consequently, cannot be regarded as accidental. With this conclusion, we are unable to agree.

In *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724, this Court set forth the essential elements of an accident in the following language at pages 577-78: "The word accident—as used in the act—must be interpreted in its usual, ordinary, popular sense. Webster has defined it as 'an event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event; chance; contingency.' . . . That which distinguishes an accident from other events is the element of being unforeseen; an accident is an occurrence which proceeds from an unknown cause, or which is an unusual effect of a known cause, and hence unexpected and unforeseen. The death of an employee, unless it is the result of some untoward happening, aside from the usual course of events, is not compensable under our statute." When decedent became ill he proceeded, as directed by his employer, to the dispensary provided for such contingencies. Due to the failure of the attendant to provide adequate medical care, his death resulted a short time later. Certainly, the death was unexpected and unforeseen and not in the usual course of events. To decide otherwise would require us to believe that proper treatment was intentionally withheld. Nor are we able to distinguish the present situation where no treatment was given from those where an improper remedy was provided. The resulting effect on decedent and the deterioration of his bodily

organs was relatively as sudden and as physically violent from this mistake of omission as they would have been from a mistake of commission. The present case is not to be confused with the gradual progression of a disease contracted from continual exposure to adverse conditions,[5] nor to an injury resulting from the performance of decedent's customary work, but brought about by his deteriorated physical condition.[6] Here death was directly attributable to the neglect of the attendant in not providing proper medical care which was a duty the employer had agreed to assume. For these reasons, we believe that the death of decedent was sufficiently unforeseen, fortuitous and sudden to be considered as an industrial accident arising out of the course of employment and thus compensable under the Workmen's Compensation Act.

In view of the result that we have reached, it is unnecessary to consider appellant's second contention.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.

---

[5] *Billo v. Allegheny Steel Company*, 328 Pa. 97, 195 A. 110; *Powell v. Taylor*, 177 Pa. Superior Ct. 647, 112 A. 2d 415.

[6] *Crispin v. Leedom and Worrall Company*, 341 Pa. 325, 19 A. 2d 400; *Shatto v. Bardinet Exports, Inc.*, 170 Pa. Superior Ct. 16, 84 A. 2d 388.