**Stanley V. LEMONOVICH, Administrator of the Estate of Stanley Lemonovich, Deceased, et al., Plaintiff,**

**v.**

**Joseph A. KLIMOSKI, an individual, and Jones & Laughlin Steel Corporation, a corporation, and Brownsville General Hospital, a corporation, Defendants.**

**Civ. A. No. 68–1160.**

United States District Court,
W. D. Pennsylvania.

June 1, 1970.

See also 315 F.Supp. 1290.

Greenlee, Richman, Derrico & Posa, Washington, Pa., for plaintiff.

Bruce R. Martin, Pittsburgh, Pa., for defendant Klimoski.

Duff, Grogan & Doyle, Pittsburgh, Pa., for defendant Jones & Laughlin Steel Corp.

Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for defendant Brownsville General Hosp.

## OPINION

GOURLEY, District Judge.

In this civil diversity action, plaintiff's decedent fractured his leg while in the course of his employment in a Pennsylvania coal mine owned and operated by defendant Jones & Laughlin Steel Corporation. He was admitted for treatment of said injury to Brownsville General Hospital, defendant herein, and, while hospitalized, died of an alleged myocardial infarction. During his hospitalization, plaintiff's decedent was attended by Dr. Klimoski, defendant herein, allegedly acting in the course of his employment with defendant Jones & Laughlin. The Complaint is founded upon the alleged negligence of the physician, the liability of the company for said negligence under the doctrine of respondeat superior, and negligence of the hospital.

The immediate matter before the Court is a Motion for Summary Judgment filed on behalf of defendant-physician. The Court has conducted a full and complete hearing upon the Motion and considered the briefs and arguments of counsel. In the Motion, defendant-physician seeks to invoke the relatively new addition to § 205 of the Pennsylvania Workmen's Compensation Act[1] which precludes an employee from recovering at common law from a fellow employee for an accident occurring in the course of the former's employment and caused by the act or omission of the fellow employee in the course of the latter's employment.

It is contended by defendant-physician that § 205, when read in conjunction with the decisions of the Supreme Court of Pennsylvania in Baur v. Mesta Machine Co., 393 Pa. 380, 143 A.2d 12 (1958) and Baur v. Mesta Machine Co., 405 Pa. 617, 176 A.2d 684 (1962), would bar any possible recovery by plaintiff from defendant-physician for the death of plaintiff's decedent if the death resulted from acts or omissions of the defendant-physician while the latter was acting in the course of his employment with defendant-company. I need not, and do not, determine the correctness of this legal proposition. Even assuming that plaintiff's position is correct in law, defendant-company factually disputes that defendant-physician was acting in the capacity of its employee when rendering treatment to the decedent at Brownsville General Hospital. Rather, defendant-company asserts, as a matter of fact, that defendant-physician was acting as an independent contractor at the time and place of ministering to plaintiff's decedent.

---

[1]. Act of June 2, 1915, P.L. 736, Art. II, § 205, added 1963, Aug. 24, P.L.J. 1175, No. 496, § 1, 77 P.S. § 72.

In view of said disputed fact, it is not possible for the Court to grant the Motion for Summary Judgment. All of the parties must be afforded a full and complete opportunity to present whatever evidence, oral or documentary in nature, that may be desired relative to the status of defendant-physician.

An appropriate Order is entered.

### ORDER

And now, this 1st day of June, 1970, the Motion for Summary Judgment presented to the Court on behalf of Dr. Klimoski is denied. The parties are hereby granted the right to proceed with such further discovery processes as may be indicated.