BROWN, J.,
— This case is before thq court en banc on defendant’s motion for judgment on the pleadings.
HISTORY
The complaint was served upon defendant on September 4, 1969, and was answered on October 20, 1969. In addition to his answer, defendant pleaded new matter and gave endorsed notice to plaintiff to reply to the new matter. Plaintiff filed no reply.
*551 Defendant filed this motion for judgment on the pleadings on June 11, 1970, and argument was heard by Brown and Bolte, JJ. on December 22,1970.
THE PLEADINGS
Plaintiff alleges in her complaint that she, as executrix of the estate of her late husband, Morris Zasloff, has a cause of action against the Westinghouse Electric Company, Inc., under the Pennsylvania wrongful death and survival statutes. Specifically, she makes the following allegations:
“SIXTH: The decedent, Morris Zasloff, was an employee of the defendant corporation at the Westinghouse Plant located in Trafford, Pennsylvania, and worked in that capacity of an Electrical Tester.
“SEVENTH: For approximately eight (8) years, the defendant corporation required the deceased to undergo a physical examination performed by the defendant’s doctors in order to determine the deceased’s physical condition. Said examinations were conducted by the doctors acting as servants, agents and employees of the defendant corporation approximately once a year and the deceased submitted to certain medical tests and x-rays at those times. During this period of time the defendant failed to inform the deceased that he had contracted lung cancer and said condition was allowed to worsen during the period of time when defendant’s doctors were performing the mandatory annual physical examinations of the deceased. After having undertaken the duty of examining the deceased periodically, the defendant failed to carry out this duty in a reasonable manner and inform the deceased of his condition. Ultimately, the deceased’s condition worsened to a state where surgery and other medical treatment were ineffective and on May 26, 1969, Morris Zasloff died as a result of the cancer.
“EIGHTH: On or about October 7, 1968, the de *552 ceased discovered that he had cancer of the lung when told by his physician.
“NINTH: The plaintiff alleges that the decedent’s death was caused solely by and was the direct and proximate result of the negligence of the defendant through its agents, servants and employees in the following respects:
“(a) In failing to exercise reasonable care in performing decedent’s annual physical examination;
“(b) In failing to inform the plaintiff that he had cancer of the lung when they discovered, or should have discovered the condition;
“(c) In allowing the decedent to believe and rely, to his detriment, that his physical condition was satisfactory and thereby prevent decedent from undergoing any other physical examinations or medical check-up that would have revealed cancer of the lung in time to effectively treat said condition during the said period when defendant corporation was requiring plaintiff to undergo check-ups by defendant’s doctors;
“(d) In failing to observe the care and caution required under the circumstances;
“(e) In leaving decedent in a worse condition than when defendant undertook to give decedent an annual physical check-up;
“(f) In failing to exercise care and caution required after they had undertaken the duty to examine the decedent.”
Defendant Westinghouse in its answer denied any negligence and set forth a new matter in the following averments: (1) that the deceased, Morris Zasloff, was an agent, servant and employe of Westinghouse; (2) that the deceased was at the time of the alleged grievances then and there engaged within the course of his employment for Westinghouse; (3) that plaintiff’s rights against defendant Westinghouse are governed, *553 limited and controlled by the provisions of the Pennsylvania Workmen’s Compensation Law, Act of June 2, 1915, P. L. 736, and all amendments thereto, 77 PS §1, et seq. Defendant also claims that plaintiff’s causes of action under both the wrongful death and survival statutes are barred by the applicable statutes of limitation.
DISCUSSION
On entertaining defendant’s motion for judgment on the pleadings, the court must consider only the pleadings themselves. Pennsylvania Rule of Civil Procedure 1034 allows a motion for judgment on the pleadings just before trial and gives the court the power to enter any order which is “proper on the pleadings.” However, a final judgment should not be entered unless the case is clear and free from doubt (Vrabel v. Scholler et al., 369 Pa. 235, 85 A. 2d 858 (1952)), and only where there are no facts controverted or in dispute: Richards v. Schuylkill County, 399 Pa. 552, 161 A. 2d 26 (1960).
The pleadings to be considered by the court in the instant action consist of the complaint and the answer, which included new matter. Defendant’s answer and new matter contained an endorsed notice to reply, but plaintiff failed to do so.
Two things were accomplished by the failure of plaintiff to reply within 20 days from the date of service to defendant’s answer and new matter. First, the averments of fact contained in the new matter must be taken as admitted by plaintiff. Second, the pleadings were closed because at that time there were no open pleadings to which one could respond, and, therefore, a motion under Pa. R.C.P. 1034 was in order: 2B Anderson Pa. Civ. Prac., Rule 1034 (1969 edition); Newspaper Guild of Greater Philadelphia *554 v. Philadelphia Daily News, Inc., 401 Pa. 337, 164 A. 2d 215 (1960).
Therefore, this court must, for the purpose of ruling on this motion, accept the facts averred by defendant in his new matter as being admitted by plaintiff.
This requirement must be implemented so as to be compatible with the rule that the court must accept as true the averments of fact of the party opposing the matter: Bata v. Central-Penn National Bank of Philadelphia et al., 423 Pa. 373, 224 A. 2d 174 (1966), cert. den., 386 U.S. 1007. Applying these guidelines to the present situation, we find plaintiff to have admitted all the material facts averred in defendant’s new matter through her failure to reply, but as to all other factual assertions in the complaint, plaintiff enjoys the presumption of truth. It may be wise to emphasize that the court is not required to accept any averments of evidence or conclusions of law, even though they are pleaded or admitted by any or all parties (2B Anderson Pa. Civ. Prac., §1034.15 (1969 edition)) and finally the court takes notice that all doubts should be resolved against the entry of the judgment: Murray v. Yoe, 170 Pa. Superior Ct. 348, 85 A. 2d 623 (1952).

Do the statutes of limitation bar plaintiff’s causes of action ?

Defendant claims in his new matter that plaintiff’s causes of action under both the wrongful death and survival statutes are barred by the applicable statutes of limitation. This is a question of law, which may be properly determined by the court upon a motion for judgment on the pleadings. However, we must disagree with defendant on this matter.
The applicable period for bringing actions under the wrongful death statute is one year after the death of the party injured: Act of April 26, 1855, *555 P. L. 309, sec. 2, 12 PS §1603. It is uncontroverted that the deceased, Morris Zasloff died on May 26, 1969, and the complaint was filed by his surviving spouse on August 29, 1969, well within the time allowed for such actions.
The applicable Pennsylvania statute of limitation for survival actions is found at 12 PS §34 which provides that an action must be brought within two years from the time when the injury was done and not afterwards. However, in interpreting that act, the courts have said that this statute, as all statutes, must be read in the light of reason and common sense: Ayers v. Morgan, 397 Pa. 282, 154 A. 2d 788 (1959).
The correct rule with respect to the limitation of survival actions is this: The statute begins to run as of the date of injury unless, in the exercise of reasonable diligence, plaintiff could not have ascertained defendant’s culpability within the statutory period. When the culpability could not reasonably have been so ascertained, the statute begins to run as of the date it could reasonably have been discovered: Carney v. Barnett, 278 F. Supp. 572 (D.C., E.Pa., 1967).
Accepting as we must for the purpose of deciding this motion, the allegation of plaintiff, that Morris Zasloff discovered that he had cancer of the lung when told by his physician on or about October 7, 1968; that date began the running of the period of limitation for the purpose of determining the applicability of the survival action. Although plaintiff alleges acts of concealment or negligence which span as many as eight years, plaintiff’s decedent had no indication of wrongdoing on the part of defendant until October 7, 1968. Since suit was brought within two years of that date, the statute of limitation is not a bar.
*556 Is plaintiff’s remedy solely within the Pennsylvania Workmen’s Compensation Law?
The court has previously discussed the effect of plaintiff’s failure to reply to defendant’s new matter. The facts averred in the new matter must be accepted as admitted by plaintiff.
With specific reference to workmen’s compensation, defendant offered the following new matter:
“At the time of grievance or grievances set forth in plaintiff’s complaint, plaintiff’s decedent, Morris Zasloff, was the agent, servant and employee of and then and there engaged within the course of his employment for the defendant, Westinghouse Electric, Inc., and the plaintiff’s rights, if any, as against this defendant are governed, limited and controlled by the provisions of the Pennsylvania Workmen’s Compensation Law, Act of June 2, 1915, P.L. 736, and all Amendments thereto, 77 PS 1, et seq.”
An injury is compensable under the Pennsylvania Workmen’s Compensation Act only if it results from an accident suffered in the course of employment: Baur v. Mesta Machine Co., 393 Pa. 380, 143 A. 2d 12 (1958), 405 Pa. 617 (1961).
If defendant is to prevail on this aspect of his motion, he must demonstrate from the pleadings alone that (1) there was a state of employment between Morris Zasloff and Westinghouse and, (2) the injury occurred as a result of an accident happening within the course of that employment. Has defendant shown what he must in order to limit his liability, if any, to that expressed in the workmen’s compensation law? This court believes not.
In failing to reply to defendant’s new matter, plaintiff has admitted that there was a state of employment between Morris Zasloff and Westinghouse at the time of the grievances alleged in the complaint. *557 Plaintiff has practically done as much on her own pleadings as evidenced in her paragraphs numbered “Sixth” and “Seventh.” Therefore, the condition of employment is not in dispute and is a fact which the court must accept. However, defendant’s statement that plaintiff’s rights are limited and controlled by the Pennsylvania Workmen’s Compensation Law is a conclusion of law which plaintiff is not deemed to have admitted and which in no way binds the court.
Nowhere in defendant’s new matter axe any facts from which the court can find an admission of an accident on the part of plaintiff. In the case of Lacey v. Washburn & Williams Co., 309 Pa. 574, 164 Atl. 724 (1933), the Supreme Court expressed the essential elements of an accident stating at 577-78:
“The word accident, as used in the act, must be interpreted in its usual, ordinary, popular sense . . . That which distinguishes an accident from other events is the element of being unforeseen; an accident in an occurrence which proceeds from an unknown cause, or which is an unusual effect of a known cause, and hence unexpected and unforeseen. The death of an employee, unless it is the result of some untoward happening, . . . aside from the usual course of events, is not compensable under our statute.”
This language was quoted with approval in Bauer v. Mesta Machine Co., 393 Pa. 380, 143 A. 2d 12 (1958), and is apparently still in the law of Pennsylvania. Although we have found that defendant’s new matter, as admitted by plaintiff, fails to plead the necessary ingredient of an accident which would bring this case within the workmen’s compensation law, this defect may be cured if this court finds averments by plaintiff which supply the needed facts omitted by defendant: 2B Anderson Pa. Civ. Practice, §1034.21 (1969 Ed.). In viewing the complaint *558 with this thought in mind, the court notes the following facts as set forth by plaintiff: (1) plaintiff’s deceased submitted to a physical examination performed by defendant’s doctors including X-rays each year for approximately eight years; (2) decedent’s condition became worse over a period of years, ending ultimately in death; (3) defendant failed to inform the deceased of his cancerous condition. In our opinion, these facts are not enough, standing alone, to support a finding free of doubt that an accident occurred within the meaning of the Workmen’s Compensation Act. If anything, they could very well express events which may be interpreted as the expected and foreseeable course of disease in the absence of aggravation.[1]
Defendant has not shown this court, on the basis of the pleadings alone, that the only remedy, if any, for plaintiff is within the Workmen’s Compensation Act, and therefore, this court must rule against defendant’s motion on this point.
Does the plaintiff state a claim upon which relief can be granted?
Plaintiff in this case attempts to bring a cause of action which has been rarely brought in any jurisdiction and never litigated in Pennsylvania. The details of that cause of action as presented by plaintiff are contained in paragraphs numbered 6 through 10 of her complaint as cited above in this opinion.
The matter in controversy is a serious one, because it goes directly to the definition of the duty owed to plaintiff’s decedent by defendant. It is the position of plaintiff, as the court understands it, that defendant Westinghouse undertook an affirmative *559 course of conduct, affecting the interest of Morris Zasloff when it directed its physicians to perform physical examinations of plaintiff’s decedent.
The complaint alleges that plaintiff was subjected to a number of examinations, including X-rays, over an eight-year period while working for defendant. On approximately October 7, 1968, Morris Zasloff was told by his personal physician that he had lung cancer. He died on May 26, 1969. Plaintiff contends that Westinghouse undertook the duty of examining the deceased and failed to inform the deceased when it knew or should have known of the cancerous condition.
To support this proposition, plaintiff has referred the court to Prosser’s text on Torts (1955 Ed.), where we found in section 332, at page 146, the following statement:
“In many situations, a failure to disclose the existence of a known danger may be the equivalent of misrepresentation, where it is to be expected that another will rely upon the appearance of safety. The surgeon who remains silent when he discovers that he has left his tools in the patient’s anatomy, the landlord who leases defective premises, the landowner who permits a licensee to enter without warning of hidden perils, the seller or supplier of chattel who fails to disclose its dangerous nature or its concealed defects, each may be hable to one person to whom harm is to be expected through that person’s reliance. The something like fraud on the part of the giver which the courts have found so frequently in these cases, consists in permitting another to rely upon a tacit assurance of safety, when it is known that there is danger.” (Citations omitted.)
Some of this language from Prosser is quoted in the case of Union Carbide & Carbon Corp. v. Stapleton, 237 F. 2d 229, 69 ALR 2d 1206 (1956). In that *560 case, plaintiff Stapleton brought suit against his former employer for failing to inform plaintiff of a condition of active tuberculosis when the employer knew of plaintiff’s disease through its voluntary examination of him. The United States Court of Appeals for the Sixth Circuit affirmed the judgment of the district court, holding that the employer had a duty, in the exercise of ordinary care, to inform plaintiff of his condition. At page 232, 1211 the court states:
“The question here, rather, is whether the appellant itself had a duty to warn Stapleton of a danger known to it and unknown to him. Written records of the detailed and accurate findings of the (defendant’s) physicians were, from the first examination to the last, in the custody of the (defendant) company. To have notified Stapleton of these findings would have been a simple matter, not requiring the professional skill of a physician. Disclosure could perhaps most conveniently have been made by personnel in the (defendant’s) medical department, but the information could have been imparted by almost any agent of the (defendant).
“Failure of the (defendant) to disclose to Stapleton what its records showed his condition to be was clearly a violation of its duty to exercise ordinary care for his safety. By remaining silent, the (defendant) permitted Stapleton to rely upon a tacit assurance of safety despite its knowledge of the existence of danger.”
Neither plantiff nor defendant in the instant action have provided any case law, and the court has been unable to find any, which describes or suggests a cause of action in the absence of knowledge by defendant, of the diseased condition of plaintiff.
The court believes that it is essential that defendant *561 employer have knowledge of his employe’s diseased condition before a duty arises for him to inform the employe of his condition. This finding is consistent with and implicit in the statement quoted above from Prosser and is a necessary ingredient without which there can be no cause of action. See, generally, Lotspeich v. Chance Vought Airport, 369 S.W. 2d 705, Court of Civil Appeals of Texas (1963); E. I. DuPont De Nemours & Co. v. Brown, 102 F. 2d 786 (CA3 N.J. 1939); Jines v. General Electric Co., 303 F. 2d 76 (CA9, Wash. 1962); Union Carbide & Carbon Corp. v. Stapleton, 237 F. 2d 229, 69 ALR 2d 1206 (CA6, Term. 1956); Wojcik v. Aluminum Co. of America, 183 N.Y.S. 2d 351 (1959).
An examination of plaintiff’s complaint reveals that nowhere therein is it specifically alleged that defendant Westinghouse did, in fact, discover and have knowledge of the presence of lung cancer in plaintiff.
Admittedly, the complaint alleges in paragraph 9(b) that defendant was negligent:
“(b) In failing to inform the plaintiff that he had cancer of the lung when they (agents, servants and employees of defendant) discovered, or should have discovered the condition.”
There is no authority to support the claim that defendant had a duty to discover the disease. The duty to which Prosser refers and the cases describe exists only after defendant employer knows of the diseased condition. The duty is to inform one who doesn’t know about a harmful condition; but there is no duty to discover it: Lotspeich v. Chance Vought Aircraft, supra. Consequently, this court finds that it must agree with defendant in this instance in that plaintiff has failed to allege knowledge of plaintiff’s condition on the part of Westinghouse. This is a defect in *562 the pleading of a prima facie cause of action which would support a granting of defendant’s motion for judgment on the pleadings.
However, where a defect in a pleading may be cured by amendment, a final judgment should not be entered without affording an opportunity to amend: Holladay v. Fidler, 158 Pa. Superior Ct. 100, 43 A. 2d 919 (1945).
The purpose of a motion for judgment on the pleadings under Pa. R.C.P. 1034 is to determine whether on the pleadings it would be useless to proceed to trial: Bogojavlensky v. Logan, 124 A. 2d 412, 181 Pa. Superior Ct. 312 (1956). In the instant case, plaintiff failed to plead that defendant had knowledge of Morris Zasloff’s disease; however, if plaintiff can plead such facts, the complaint would be sufficient, in our opinion, to warrant a trial on the merits.
Plaintiff in this case is attempting to perfect a cause of action which is novel to Pennsylvania judicial experience; it could very well touch many in the community at large. This court believes it should be lenient in permitting a full development of all pertinent pleadings and facts before dismissing the cause of action. Consequently, we believe that plaintiff should be permitted to amend her complaint to specifically show, if she can, that, and at what time, defendant Westinghouse had knowledge of the disease in question.
Therefore, we will grant an order permitting plaintiff to amend her complaint in keeping with this opinion within 20 days, and defendant is to have an additional 20 days in which to respond to the amended complaint, if any.
ORDER OF COURT
And now, February 11,1971, defendant’s motion for judgment on the pleadings is retained for further *563 consideration pending the filing by plaintiff of an amended complaint in conformity with this opinion within 20 days from the date of this order; such amended complaint shall be endorsed with notice to answer within 20 days from its filing date.

 “In the absence of aggravation” refers to those cases where a pre-existing disease is aggravated by an accident. See Mohler v. Cook et al., 205 Pa. Superior Ct. 232, 209 A. 2d 7 (1965).