**Owens BROCKWAY and Gates McDonald, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (COLLINS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 26, 2001.
Decided Feb. 8, 2002.

Peter A. Pentz, Erie, for petitioners.

Raymond F. Keisling, Carnegie, for respondent.

Before SMITH–RIBNER, Judge, KELLEY, Judge,[1] and JIULIANTE, Senior Judge.

SMITH–RIBNER, Judge.

Owens Brockway and Gates McDonald (Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board) that reversed the order of Workers' Compensation Judge (WCJ) Geoffrey L. Seacrist that denied Katherine

1. The decision in this case was reached prior to the date that Judge Kelley assumed the status of senior judge on December 31, 2001.

Collins' petition to reinstate her total disability benefits. Employer contends that the Board erred in finding that Collins was entitled to benefits based upon disability resulting from medical treatment when Collins did not seek treatment in good faith and it was not related to her work injury; that the Board erred in concluding that the WCJ's decision was not based on substantial and competent evidence; and that the Board improperly substituted its credibility determinations for those made by the WCJ. Employer states that this case should be remanded to the WCJ to resolve any inconsistency that may exist between the testimony of Employer's medical expert witness and the WCJ's holding.

I

Collins had worked as an inspector for Owens Brockway for approximately 20 years when she suffered a work-related low-back injury on March 18, 1995. Employer accepted responsibility by notice of compensation payable that described the injury as sciatic neuritis. Collins received total disability benefits until they were suspended as of March 14, 1997 by WCJ Robert Vonado pursuant to his decision circulated February 24, 1999 in prior consolidated proceedings involving Employer's petition to suspend and utilization review petition and Collins' petition to review. The WCJ suspended benefits after determining that suitable employment was available to Collins as of March 14, 1997 with no loss in pay and that her medical treatment with Dr. Michael C. Saltzburg, D.O. beginning March 4, 1997 was not reasonable or necessary. The WCJ relied on testimony from Employer's expert witness Dr. James E. Wilberger.

On April 1, 1999, Collins filed her petition to reinstate total disability benefits alleging that her total disability reoccurred as of March 1, 1999 when she was required to undergo additional spinal surgery due to her work injury. Collins testified along with her treating physician Dr. Saltzburg, who is board certified in orthopedic surgery, pain management and disability evaluations. Collins stated that she underwent various surgical procedures performed by Dr. Saltzburg and received other medical treatment to reduce the level of pain in her right leg and right side. She described the physical limitations associated with her injury, the need for support when walking and the use of a cane, the extent of her pain and the muscle relaxants and pain relief medications prescribed by her doctor. Collins testified that she could not return to her employment.

Dr. Saltzburg testified by deposition that he first examined Collins in April 1995 after her work injury upon referral by Employer's company doctor. His initial diagnosis was that she had what he referred to as a right lower extremity radiculopathy, acute lumbar sprain and strain and a right SI joint sprain. She underwent outpatient therapy, and MRI and other testing established that she had a herniated disc at L4–L5 on the right side. Two surgical procedures were performed on Collins' right side at L4–L5, one by Dr. Saltzburg in January 1996 and several months later another by Dr. O'Brien, a spine specialist in Philadelphia. Dr. Saltzburg also employed a series of pain protocols, including steroid injections, radio frequency lesioning and facet blocks. Collins experienced intermittent relief, and in early 1999 she began to suffer the pain down her leg again. Dr. Saltzburg performed a spinal endoscopy in March 1999 and again in July 1999. Collins now suffers pain from scar tissue in her back due to previous surgical procedures in addition to her chronic pain syndrome, and she is unable to return to work.

Dr. Wilberger, a board-certified neurosurgeon, testified again on behalf of Em-

ployer in the reinstatement proceedings. He examined Collins on February 24, 1997 and on August 13, 1999, and he opined that his diagnosis was identical for both examinations, namely, chronic pain syndrome. Although Dr. Wilberger had testified that Collins was able to return to work after the first examination, he testified that his opinion had changed after the second examination inasmuch as Collins had undergone additional lumbar spine surgeries, endoscopies, radio frequency procedures and different injections. He concluded that Dr. Saltzburg continued to perform a variety of surgical interventions without a clear medical basis, that Collins continued to take strong narcotic analgesics on a regular basis for three to four years and that Collins had developed severe scar tissue around the surgical site that significantly worsened her condition to the point at which she became totally disabled and unable to work. The WCJ credited Dr. Wilberger's testimony and rejected Dr. Saltzburg's testimony.

The WCJ found that Collins did not suffer a worsening of her condition since the prior litigation or suffer any period of total disability since that time. The WCJ denied Collins' reinstatement petition, concluding that Collins failed to sustain her burden of establishing entitlement to reinstatement of total disability benefits as of March 1, 1999, or any other material time. Collins appealed to the Board, arguing that Dr. Wilberger's testimony established that Collins' total disability resulted from the original work injury. The Board relied on *Vogel v. Jones & Laughlin Steel Corp.*, 221 Pa.Super. 157, 289 A.2d 158 (1972), and *Baur v. Mesta Machine Co.*, 393 Pa. 380, 143 A.2d 12 (1958), to reverse the WCJ and to reinstate benefits as of August 13, 1999, the date on which Dr. Wilberger examined claimant and determined that she continues to suffer from residuals due to the medical treatment provided to her. The Board determined that the WCJ's decision was not supported by substantial evidence because Dr. Wilberger's credited testimony established that Collins is totally disabled due to Dr. Saltzburg's treatment, and the results of medical treatment for a work injury are causally related thereto and thus compensable.

■ The Court's review of the Board's order is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney)*, 157 Pa. Cmwlth.76, 629 A.2d 184 (1993). The WCJ is the sole arbiter of witness credibility and may determine what weight to afford to any of the evidence. *Dana Corp. v. Worker's Compensation Appeal Board (Hollywood)*, 706 A.2d 396 (Pa.Cmwlth. 1998). The Board's function in reviewing WCJ decisions is primarily appellate in nature, *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992), and it too must determine whether the WCJ's findings are supported by substantial evidence in the record.

## II

■ Employer argues that the Board erred in reinstating Collins' benefits based on disability arising from Dr. Saltzburg's medical treatment because it was not sought in good faith. Employer contends that Collins did not seek her medical treatment in good faith because Dr. Saltzburg's treatments were not causing her condition to improve, and WCJ Vonado had found that the treatment was not reasonable or necessary after March 4, 1997. Employer notes the holding in *Moltzen v. Workmen's Compensation Appeal Board (Rochester Manor)*, 166 Pa.Cmwlth. 589, 646 A.2d 748

(1994), that a claimant who seeks medical treatment in good faith is entitled to total disability benefits if the disability results from the medical treatment. Also Employer argues that the Board improperly substituted its own credibility determinations for those of the WCJ and that the case should be remanded to the WCJ if any inconsistency exists between Dr. Wilberger's testimony and the WCJ's holding.

■ Collins responds that the Board should be affirmed because there is no question that she is totally disabled as a result of the scar tissue and chronic pain syndrome that are causally related to her work injury and subsequent medical treatment. Collins submits that where a claimant seeks medical treatment for a work injury and that treatment either aggravates the existing disability or causes a new or additional injury, the injury is deemed to have been caused by the original work injury, and the claimant is entitled to compensation for the disability associated with the aggravation, new or additional injury. This principle holds true even for cases of mistaken diagnosis, unnecessary operations and negligent treatment. *Workmen's Compensation Appeal Board v. Ira Berger & Sons,* 470 Pa. 239, 368 A.2d 282 (1977). Furthermore, the WCJ found Dr. Wilberger's testimony that Collins was totally disabled as of his August 1999 examination to be credible, and Dr. Wilberger's testimony unequivocally established that Collins' disability resulted from scar tissue formed as a result of her surgeries combined with her chronic pain syndrome.

■ In her reinstatement claim, Collins must demonstrate that through no fault of her own, her earning power is once again adversely affected by her disability and that the disability that gave rise to her original claim continues. *Pieper v. Ametek–Thermox Instruments Div.,* 526 Pa.

25, 584 A.2d 301 (1990). *See also Harding v. Workers' Compensation Appeal Board (Arrowhead Industrial),* 706 A.2d 896 (Pa. Cmwlth.1998). In *Vogel* the Superior Court relied on *Baur* to hold that an aggravation of the plaintiff's work injury resulting from the employer's negligent medical services was compensable under the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1041.4, 2501—2626. In *Baur* the Supreme Court reviewed among others the situation where an employee's initial work injury is admittedly accidental, and the employee thereafter suffers an aggravation or more serious illness resulting from subsequent medical treatment of the initial injury. The court stated that in such a situation, the plaintiff has been allowed to recover uniformly based upon proof of a causal connection between the initial work injury, the subsequent medical treatment and the resulting injury or illness suffered by the employee.

The WCJ credited Dr. Wilberger's testimony, which demonstrated that Collins' disability resulted from scar tissue formed as a result of the surgeries to relieve Collins' pain and from her chronic pain syndrome. This testimony unequivocally established a causal connection between Collins' original work injury, her subsequent medical treatment and the resulting injury. As a result, Collins' current disability is compensable. Regarding Employer's assertion that Collins acted in bad faith in securing medical treatment from Dr. Saltzburg, the Court simply notes that Collins' surgeries causing the scar tissue were performed prior to WCJ Vonado's decision in February 1999. In addition, it is well settled that a claimant may recover workers' compensation benefits for an injury or illness that results from unnecessary or negligent medical treatment. *Ira Berger; Baur.* Consequently, Employer's contention that Collins did not act in good faith is unsupport-

ed by the record or case law, and the Court therefore discerns no basis for a remand to resolve this or any other matter. Because the Board's examination of the entire record and its reversal of the WCJ's decision were consistent with the Board's proper exercise of its appellate role, the Court affirms the order of the Board.

### ORDER

AND NOW, this 8th day of February, 2002, the order of the Workers' Compensation Appeal Board is affirmed.