## Howard v. Berg

Before Ellenbogen, Montgomery and Nixon, JJ.

*Harry L. Lentchner*, for plaintiff.

*Challener & Challener*, for defendant.

ELLENBOGEN, J., July 7, 1953.—This case comes before the court en banc on preliminary objections ex parte plaintiff to "New Matter" filed by defendant.

Plaintiff's complaint in trespass avers that defendant, a practicing physician and surgeon, examined him and directed him to report to the St. John's Hospital

for an operation by defendant for an inguinal hernia on the right side; that plaintiff entered the St. John's Hospital and submitted to the operation; that, without knowledge of plaintiff, defendant "wilfully and negligently" operated for a hernia on the *left* side, and performed no operation on plaintiff's inguinal hernia on the right side, and that as a result of said negligence of defendant, plaintiff was required to undergo a second operation at the Allegheny General Hospital for a repair of the hernia on his right side. Plaintiff seeks to recover damages for the injuries and loss caused by the negligence of defendant.

Defendant filed no answer; he filed a pleading entitled "New Matter" in which he alleges that on December 4, 1951, plaintiff, in the course of his employment with the Tracy Manufacturing Company, suffered an accident in which he sustained a left inguinal hernia and a right inguinal hernia; that following said injuries plaintiff and his employer entered into a compensation agreement under which the Tracy Manufacturing Company agreed to pay workmen's compensation and to furnish reasonable surgical and medical services; that as a result of this agreement, the employer furnished the surgical services of Dr. Charles F. Berg, defendant, who on January 4, 1952, at St. John's Hospital, performed an operation for the correction of the left inguinal hernia condition; that Dr. F. J. Newton performed an operation for the repair of the right inguinal hernia at the Allegheny General Hospital on February 10, 1952; that on May 7, 1952, plaintiff signed a final settlement receipt under the terms of the Workmen's Compensation Act; that receipt covered a period of 16 4/7 weeks beginning January 10, 1952, seven days after the beginning of disability, and ending May 4, 1952; and that the Tracy Manufacturing Company paid for the surgical services incurred in both operations.

Defendant's "New Matter" further avers that by accepting workmen's compensation plaintiff is estopped from asserting that he did not receive a hernia on the left and on the right side as a result of an accident while in the course of his employment with the Tracy Manufacturing Company; that thereby he has surrendered his right to any other form of compensation for such injuries; that, by executing a final settlement receipt, plaintiff "has received all payments of compensation or damages to which he was entitled"; and that said final settlement receipt constitutes a release.

On preliminary objections, we assume the truth of the allegations contained in the new matter, insofar as they are allegations of fact. Conclusions of law pleaded therein are surplusage and of no value.

This case raises a question which seems never to have been considered or decided in this State. It raises the question whether an employe, injured by accident in the course of his employment, may maintain an action in trespass against a surgeon furnished by his employer, who by negligent treatment of his injuries causes a new injury or aggravates the original injury, where the employe has received workmen's compensation benefits for his injuries, old and new, and as aggravated, and his signed a final compensation settlement receipt.

Plaintiff contends that defendant by operating for the repair of a *left* inguinal hernia, instead of a right hernia, inflicted a *new* injury, separate and apart from the old, original injury and unconnected with his employment. However, it is alleged in the new matter filed by defendant that plaintiff suffered a left and a right hernia and was compensated for the disability caused by both hernia operations. The preliminary objections must be disposed of on the basis of these allegations.

Under common-law principles, unless the employer and the surgeon are considered as joint tortfeasors, the employe has two separate causes of action, one against the employer and one against the surgeon. The majority of the States reject the concept of a joint tortfeasorship under these circumstances, because there is neither concert in project nor in action between employer and physician, and permit recovery from either or both: Viou v. Brooks-Scanlon Lumber Co., 99 Minn. 97, 103, 108 N. W. 891, 893 (1906).

In Thompson v. Fox, 326 Pa. 209, 212, it was held that where a person effects a settlement for injuries with the tortfeasors who caused the accident in which he sustained the original injury, he cannot thereafter recover from a physician who, prior to the time of settlement, by his negligence aggravated the injuries. That decision is based on the proposition that while plaintiff could sue the original wrongdoer for the original injury and the physician for the aggravation thereof, and while he "could have pursued both actions to judgment", nevertheless, for the same injury, "an injured party can have but *one satisfaction* and the receipt of such satisfaction, either as payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury, necessarily works a release of all others liable for the *same* injury and prevents any further proceeding against them: Peterson v. Wiggins, 230 Pa. 631; Smith v. Roydhouse, Arey & Co., 244 Pa. 474; Mason v. Lavine, 302 Pa. 472. . . ." (Italics supplied.)

Similarly, in Rigney v. Snellenberg, 90 Pa. Superior Ct. 237, it was held that an employer is liable in workmen's compensation not only for the original injuries but also for any aggravation thereof caused by the physician having the case in charge.

As to the question at issue before us, there is a

hopeless conflict of authorities throughout the jurisdictions. Many of the decisions are controlled by the provisions of the particular Workmen's Compensation Act in force in the respective States. See exhaustive annotations and a host of cases cited in 82 A. L. R. 932, and 139 A. L. R. 1010, and an able analysis in an article in 36 Virginia Law Review 781, entitled "Malpractice Actions and Workmen's Compensation".

Section 303, as amended, 77 PS §481, of the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, provides that an agreement to accept The Workmen's Compensation Act "shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death *occurring in the course of the employment,* or to any method of determination thereof, other than as provided, in article three of this act (italics ours)."

Section 301 (*c*) of the act, as amended, 77 PS §411, defines the term "injury by an accident in the course of (his) employment", as including all "injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer . . .".

The injuries caused by the negligence of defendant surgeon in the instant case in operating on the wrong side for an inguinal hernia, or aggravating the same by operating only on one side instead of on both at the same time, can, in no sense of the word, be construed as being injuries "in the furtherance of the business or affairs of the employer". The fact that the physician-surgeon was paid by the employer does not render him a fellow employe of plaintiff. The physician is an independent contractor who is obligated to exercise his own judgment and method in treating the injury. The employer is not engaged in the business or profession

of practicing medicine or surgery, and neither is the physician-surgeon engaged in the business pursuit of the employer but in his own business or calling. The physician-surgeon is an independent third party, a party conducting his own business, separate and distinct from the business of the employer: Fauver v. Bell, 192 Va. 518, 527, 65 S. E. 2d 575, 581 (1951).

In Zimmer v. Casey, 296 Pa. 529, it was held that an employe who was injured by the negligence of a coemploye and who has received workmen's compensation for his injuries may sue his coemploye for negligence. It was there held that such a coemploye has the status of an independent contractor and has no interest in or privity with his coworker's contract with his employer, and that The Workmen's Compensation Act "does not affect the existing common law right to sue the wrongdoer, unless that wrongdoer is the master". It is also recognized in that case that workmen's compensation "is not accepted as a substitute for all damages incurred" and that while "damages entailed but one compensation for the same injury, and but one action therefor, the Workmen's Compensation Act recognized the right in the injured person of a common law action against a person who himself did the injury and who was not a party to the particular agreement under which it was paid . . . the act does not relieve third parties; . . ."

While we arrived at our decision independent of the case of Zimmer v. Casey, supra, that case is in many material respects similar to the case before us, and of strong import.

The Pennsylvania Workmen's Compensation Act does not support the contention of defendant that the action of negligence here complained of is "an injury occurring in the course of employment". And we find nothing in the workmen's compensation laws of the Commonwealth which would abrogate the common-

law cause of action of an injured employe against a physician or surgeon who by his negligence has caused new injuries or aggravated the original injuries received in the course of employment. Such an action comes within the provisions of section 319, as amended, 77 PS §671, which provides that "where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee, . . . against such third party to the extent of the compensation payable under this article by the employer; . . .".

Plaintiff charges that the injury involved in this case was caused in part by the act or omission of a third party, the surgeon who is named as defendant in this case. Far from excluding the right of action of plaintiff against the physician or surgeon, section 319, as amended, may give the benefit of such cause of action to the employer to the extent of compensation paid by him, and award only the balance to the employe. In this manner, the employe is not recovering twice for the same injury.

Generally speaking, the liability under The Workmen's Compensation Act is contractual in nature, is an incident in the relationship of employer and employe, and is not based upon a tort or negligence of the employer. There are also other distinctions between the tort liability of a physician who is charged with malpractice and the contractual liability of an employer arising out of his agreement wth the employe to accept The Workmen's Compensation Act.

We know of no reason why the damages caused by the negligence of a physician should be borne by the employer or his insurance company.

We conclude that the new matter filed ex parte defendant is not a defense to the claim of defendant. The preliminary objections will be sustained, and the new matter will be ordered stricken from the record.