Vogel, Appellant, *v.* Jones and Laughlin Steel
Corporation.

158

Argued November 9, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*C. Donald Gates, Jr.,* with him *Brandt, McManus, Brandt & Malone,* for appellant.

*Stephen W. Graffam,* with him *Duff, Grogan & Graffam,* for appellee.

OPINION BY CERCONE, J., March 24, 1972:

Plaintiff instituted an action in trespass against his employer, Jones and Laughlin Steel Corporation, claiming negligence in the rendering to him of medical ser-

vices in the Industrial Clinic provided by defendant for its employees. It is the plaintiff's claim that said negligence aggravated and rendered more serious an original injury sustained by plaintiff during the course of his employment. Defendant filed preliminary objections contending, inter alia, that plaintiff's remedy was under the Workmen's Compensation Law. The lower court agreed with defendant and held the action barred by Section 205 of the Workmen's Compensation Law providing that where a disability is compensable under the Workmen's Compensation Act, a fellow servant cannot be sued "for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong".

Though we do not find Section 205 to be governing per se, pertaining as it does to actions against a fellow servant, we do agree with the conclusion reached by the lower court that plaintiff's cause of action against the employer is under the Workmen's Compensation Law.

The Workmen's Compensation Act[1] covers injuries "sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere". The exception is intentionally injurious acts of third parties. Therefore, the issue in this case is not whether the attending members of the medical staff were independent contractors or fellow servants but whether the alleged aggravation of plaintiff's original injury can be said to be an injury which occurred to him during the course of his employment.[2]

---

[1] Act of June 2, 1915, P. L. 736, Art. III, Section 301(c), as amended by Act of June 4, 1937, P. L. 1552, Section 1 and Act of June 21, 1939, P. L. 520, Section 1, 77 P.S. §411.

[2] For this reason the cases relied upon by plaintiff of *Howard v. Berg*, 86 Pa. D. & C. 358 (1953), and *Lazar v. Falor*, 118 P.L.J.

That the Workmen's Compensation Law is applicable to such aggravation was clearly indicated by the Pennsylvania Supreme Court's decision in *Baur v. Mesta Machine Co.*, 393 Pa. 380 (1958). In that case plaintiff sought to recover in a wrongful death action for death alleged to have resulted from improper medical attention rendered at employer's dispensary to an ill employee. The court there held that although the initial illness for which the employee was being treated was not accidental, the death resulting from the subsequent mistreatment of the employee was "sufficiently unforeseen, fortuitous and sudden to be considered as an industrial accident arising out of the course of employment and thus compensable under the Workmen's Compensation Act". The court in that case also made reference to the other category of cases where, as here, "the initial injury is admittedly accidental, and the only issue to be decided is whether any aggravation or more serious illness resulting from subsequent treatment is compensable". The court held that in that situation *"recovery has been uniformly allowed upon proof of a causal connection between the initial accident, the treatment and the resulting injury.*[4]*"* (Emphasis added.)

In the instant case plaintiff's initial injury was admittedly accidental and within the course of his em-

---

299 (1970), are not governing in that they involved the liability of the person rendering the medical services which is not determinative of the employer's liability under the Workmen's Compensation Law which extends to any injury occurring during the course of this employment, regardless of the status of the person by whom caused.

"[4] ' "The violence caused the injury, the injury caused the operation, the operation caused the anaesthetization, the anaesthetization caused dilatation of the heart and dilatation of the heart caused death. Hence there was a causal connection between the [original] violence and [the subsequent] death." ' Hornetz v. Philadelphia & Reading C. & I. Co., supra, at 41."

ployment and compensable under the Workmen's Compensation Law. Therefore, his claim for aggravation of that injury is also compensable under the Workmen's Compensation Law upon proof of the requisite causal connection as defined in *Hornetz v. Philadelphia & Reading C. & I. Co.*, 277 Pa. 40 (1923).

The order of the court below sustaining defendant's preliminary objections to plaintiff's complaint is therefore affirmed.