## Tropiano, Appellant, *v.* The Travelers Insurance Co.

Argued June 16, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ. (PACKEL, J., absent.)

*George T. Guarnieri,* for appellant.

*Joseph J. Murphy,* with him *Murphy, Murphy & Murphy,* for appellees.

Opinion Per Curiam, April 12, 1973:
The six judges who heard this appeal being equally divided, the order is affirmed.

---

Opinion by Watkins, J. in Support of Affirmance:
The Pennsylvania Supreme Court has finally determined that the insurance carrier is included within the term "employer" as it is used in Section 303 of The Pennsylvania Workmen's Compensation Act and, therefore, shares the employer's immunity from common law liability. See, *Jadosh v. Goeringer,* 442 Pa. 451, 275 A. 2d 58 (1971); *DeJesus v. Liberty Mutual Insurance Company,* 439 Pa. 180, 268 A. 2d 924 (1970); *Brown v. Travelers Insurance Company,* 434 Pa. 507, 254 A. 2d 27 (1969).

The pleadings in this case do not, in fact, allege anything that would constitute Harvey W. Weldon, M.D. an employe of the Travelers Insurance Company or Travelers Indemnity Company. The allegations of negligence against defendant, Travelers Insurance Company and Travelers Indemnity Company do not state a cause of action, as the conduct of the aforesaid was completely within the authority granted them under the Act of August 24, 1953, P. L. 1382, §1, as amended, 77 P.S. §531, whereby the employer or its insurer are bound to furnish medical and surgical treatment for work connected injuries to employees for a period of twelve (12) months and thereafter on petition by claimant to the Workmen's Compensation Board.

Also, the choice of the treating physician is within the discretion of the employer who has the right to direct the physician or physicians to render such services. In this case, the appellant complains that after some

fifteen (15) months of medical and surgical treatment the appellees above-named directed Dr. Weldon to cease furnishing said services and also that the appellee, Travelers Indemnity Company and the Travelers Insurance Company, transferred the appellant from Joseph J. Toland, 3rd, M.D., to Harvey W. Weldon, M.D., for medical and surgical treatment.

I would, therefore, affirm the order of the court below with regard to the Travelers Insurance Company and the Travelers Indemnity Company. This does not bar the plaintiff's right to a common law action of trespass against the doctor-defendant or the hospital-defendant for any malpractice or negligence in the treatment he received.

WRIGHT, P. J., and JACOBS, J., join in this opinion.

---

OPINION BY CERCONE, J. IN SUPPORT OF REVERSAL:

The issue presented in this appeal is whether or not the employer's Workmen's Compensation insurance carrier is liable in trespass to an employee for alleged negligence in the supplying of medical services in the treatment and care of an injury previously sustained by an employee during the course of his employment.[1]

---

[1] The first count of the Complaint in Trespass sets forth specific acts of tort and wrongful conduct which were committed by the appellee subsequent to the occurrence of the industrial accident and which were committed by it during a period of time starting more than six months after the occurrence of the industrial accident of April 22, 1964, as a result of which specific acts the appellant sustained additional and new and crippling injuries, namely:

(1) In November of 1964, appellee ordered appellant under the care of its office physician, one Dr. Weldon, and interfered in the patient-physician relationship existing between appellant and his treating physician, Dr. Toland;

(2) Appellee ordered appellant under the medical care of its employee physician, Dr. Weldon, working independently of the existing treating physician (Dr. Toland);

It was the lower court's view that such trespass action was precluded by section 1 of The Pennsylvania Workmen's Compensation Act of May 22, 1953, P. L. 204, as amended by section 1 of the Act of January 25, 1966, P. L. (1965) 1552 which provides: "Such insurer shall assume the employer's liability hereunder and shall be entitled to all of the employer's immunities and protection hereunder. . . ." It therefore granted defendant's motion for judgment on the pleadings or in the

(3) On or about March 15, 1965 appellee ordered appellant's treating physician (Dr. Toland) off the case and refused further payments to him for medical service to appellant;

(4) On or about June 16, 1965 the appellee, in concert with its office physician (Dr. Weldon) refused to provide further medical treatment to appellant and ordered his abandonment after his condition had deteriorated and worsened;

(5) Appellee interfered with the medical treatment and judgment of its office physician (Dr. Weldon) in his treatment of appellant and the patient-physician relationship;

(6) Appellee abandoned and ordered abandonment of further medical treatment of appellant at a time when his condition had become deteriorated and crippled;

(7) Appellee failed to provide competent medical and hospital care to appellant;

The Complaint sets forth that Dr. Weldon at all times was acting as the servant, agent and employee of appellee; that he failed to use reasonable skill in his medical and surgical treatment of appellant; that he induced appellant to undergo surgery upon misrepresentation of restoration of normal function of his left arm; that he excised bone from his left elbow joint without his informed consent; that he misrepresented to and concealed from appellant the extent of the additional injuries caused to him resulting from his medical and surgical treatment; and that he abandoned further medical treatment of appellant at a time when his left arm, elbow and hand had become deteriorated and deformed from said treatment.

The fourth count of the Complaint in Trespass avers that appellee misrepresented and concealed from appellant the extent of the injuries inflicted upon him as a result of the medical and surgical treatment it caused him to undergo under its physician, Dr. Weldon.

alternative for summary judgment.[2]  I cannot agree with the lower court's holding.

An injured employee may recover workmen's compensation for a third party's subsequent aggravation of an injury sustained during the course of employment where the aggravation follows as a natural consequence of the original injury and can be viewed as proximately caused thereby.  (See: *Vogel v. Jones and Laughlin Steel Corp.*, 221 Pa. Superior Ct. 157 (1972) ; *Baur v. Mesta Machine Co.*, 393 Pa. 380 (1958), and cases cited therein).  However, the employee still has his rights in trespass against that third party for its negligence (*Zimmer v. Casey*, 296 Pa. 529 (1929) ; *Lazar v. Falor*, 118 P.L.J. 299, 305-306 (1970) ; and *Howard v. Berg*, 86 Pa. D. & C. 358 (1953)).  It is my opinion that the Legislature did not, by the above-quoted immunity clause in The Pennsylvania Workmen's Compensation Act, intend to foreclose a claim against a carrier and permit it to escape liability for its own independent acts of negligence with which an employer had no connection whatsoever and which arose subsequent to and independent of the injury sustained during the course of the employee's employment.  I would hold, therefore, that the carrier cannot immunize itself from liability in trespass on grounds of negligence by relying on the employer's liability for workmen's compensation.  The device of subrogation to the employer's right of immunity from suit in trespass was not intended to be so extended.

Not only is this conclusion based on the language of the immunity clause, but its manner of placement in the statute clearly reveals that no such far-reaching im-

[2] The lower court did not specify the basis of the grant of defendant's motion.

munity was intended. The title of section 1[3] above cited makes no reference to or indication of the inclusion of such immunity clause. Nor is the immunity statement presented in a manner to indicate it was intended to have the broad scope sought to be given it by the carrier. On the contrary, it is placed, without any emphasis by separate paragraphing or otherwise, in the body of a long paragraph and section dealing with the mechanics of insuring the payment of compensation.

The cases of *DeJesus v. Liberty Mutual Insurance Co.*, 439 Pa. 180 (1970); *Brown v. Travelers Insurance Co.*, 434 Pa. 507 (1969); and *Jadosh v. Goeringer*, 442 Pa. 451 (1971), relied on by the carrier, are distinguishable. The carriers in those cases were charged with negligence with respect to the original injury occurring to the employee during the course of his employment on the employer's premises, and Section 303 of The Pennsylvania Workmen's Compensation Act was properly held to deny common law recovery in trespass against the carrier for such injuries occurring during the course of employment. Section 303 clearly provides that upon acceptance of the provisions of The Pennsylvania Workmen's Compensation Act, the employee surrenders his right "to any form or amount of compensation or damages for any injury or death *occurring in the course of the employment,* or to any method of determination thereof, other than as provided, in article three of this act." (Emphasis supplied.)

Said Section 303, however, cannot, in my opinion, be construed constitutionally to preclude plaintiff's common law recovery against the carrier for negligent acts which played no part in the original injury occur-

---

[3] "§501. Insurance of payment of compensation by employer; exemption therefrom; appeal from denial of exemption; effect of failure to issue; penalty."

ring during the course of employment but which were committed by the carrier subsequent to and independent of the original injury without any participation or involvement of the employer. This was clearly indicated in *DeJesus v. Liberty Mutual Insurance Co.*, supra, wherein the court clearly stated: "Both parties to the present action concede that the italicized portion of the Constitution, as quoted above,[4] [Pennsylvania Constitution, Art. III, §18] precludes the enactment of legislation limiting the amount of compensation payable to employees for injuries *other than those 'arising in the course of their employment'*." (Emphasis supplied.)

Plaintiff, therefore, was entitled in his action of trespass to present evidence in support of those allegations which under the common law would create a breach of the duty of reasonable care required to be exercised by the carrier in its rendering of medical treatment to the plaintiff subsequent to and independent of the original injuries sustained during the course of his employment. The duty of reasonable care existed whether the medical treatment being so supplied by it was based on consideration or voluntarily undertaken without consideration. Once the carrier undertook to act, it was incumbent upon it to act with reasonable care in the circumstances. If it breached that duty, it is not immune from liability to the plaintiff in trespass.

---

[4] "The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the recollection thereof; but *in no other cases shall the General Assembly limit the amount to be recovered for injuries. . . .*" (Emphasis that of the court.)

494

Unlike the case of *Raines v. Pa. Threshermen & Farmers' Mutual Casualty Insurance Co.*, 385 Pa. 464 (1956), and 391 Pa. 175 (1958), relied upon by the court below, we are not here concerned with a carrier's breach of promise or duty to provide medical care, but with a carrier actually undertaking to supply medical services but acting negligently in its undertaking, a distinction which was expressly noted in the court's opinion in *Raines v. Pa. Threshermen & Farmers' Mutual Casualty Insurance Co.*, supra.[5]

---

[5] "The appellant's claim . . . is apparently based on the theory that the insurance company's failure to furnish him with competent and adequate medical services constituted malpractice—a tort independent of the infliction of the original compensable injury. His citation of Waldron v. Aetna Casualty & Surety Co., 141 F. 2d 230 (C.A. 3), could have no other relevancy. But, that case and the present one are in no way analogous. Waldron v. Aetna Casualty & Surety Co., supra, *was a case of positive malpractice in which, as the evidence showed, the insurance company was an active and willing participant.* The appellant also quotes from Howard v. Berg, 86 D. & C. 358, 363-364, to the effect that there is 'nothing in the workmen's compensation laws of the Commonwealth which would abrogate the common-law cause of action of an injured employe against a physician or surgeon who by his negligence has caused new injuries or aggravated the original injuries received in the course of employment.' *However, the appellant pleads no such fault on the part of the defendant or its representative* . . . the most that the plaintiff avers is that the defendant company, acting by a representative, 'did on its own volition and free will assume and obligate itself to provide prompt, adequate and complete medical attention to the plaintiff, George Raines' but that 'the defendant did negligently fail to provide such medical care to the grave harm and detriment of the plaintiff, George Raines.' The plaintiff further averred that he relied on the representations of the defendant's agent and 'discontinued going to doctors of his own choice and waited for the defendant-insurance company to live up to the terms and conditions of its assumed obligation to provide him with complete, prompt and adequate medical care.'

"Thus the appellant pleads the defendant's breach of a gratuitous promise and nothing more. He does not plead a single fact

In *Pascarella v. Kelley*, 378 Pa. 18, 23 (1954), defendant Kelley was held liable for negligent repairs gratuitously undertaken to be performed by him even though he could not be held liable for the original injury, the court holding: "He was not liable at the point of original damage, having had no part in the acts causing it, but 'If a party make a gratuitous engagement and actually enters on the execution of the business and so negligently does it from want of care that another suffers damage thereby, an action will lie for this misfeasance': Rehder v. Miller, 35 Pa. Superior Ct. 344, 347. See also Fleming v. Philadelphia Company, 234 Pa. 74, 82 A. 1095; Harris v. Lewistown Trust Company, 326 Pa. 145, 191 A. 34." So, also, in the instant case, though the carrier was not liable in trespass for the original injury occurring during the course of the plaintiff's employment, it is not, in my opinion, immune from liability to plaintiff for new injuries or aggravation of the original injuries, caused by its later negligence in the performance of services rendered by it even if rendered gratuitously.

Accordingly, I would reverse the order of the court below and remand the case for trial consistent with this opinion.

Hoffman and Spaulding, JJ., join in this opinion.

------
from which could be derived a finding of negligence on the part of the insurance company that was the proximate cause of the aggravation of the appellant's injury." (pages 466-467) (Emphasis supplied.)