Tropiano, Appellant, *v.* Travelers Insurance Company et al.

Argued January 10, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused June 4, 1974.

*Michael J. Byrne, Jr.,* with him *Spencer M. Wertheimer, George T. Guarnieri,* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellant.

*Joseph J. Murphy,* with him *Murphy, Murphy & Murphy,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 25, 1974:

This appeal arises from an order of the Superior Court which affirmed the order of the Court of Common Pleas of Philadelphia, granting the motion of appellees, The Travelers Insurance Company and The Travelers Indemnity Company, for judgment on the pleadings or, in the alternative, a motion for summary judgment. We granted allocatur.

On April 22, 1964, appellant, Domenic A. Tropiano, an employee of Vare Brothers, was injured during the course of his employment. Appellant, at the time of his injury, was covered by workmen's compensation insurance, and the insurance was written by Travelers. After a series of treatments proved unfruitful and, in fact, harmful to him, appellant filed suit in trespass against several doctors and appellees herein. Appellees then moved for a judgment on the pleadings and/or a motion for a summary judgment, which was granted on the basis that appellees herein were immune from common law tort liability on the basis of the Workmen's Compensation Act. The issue then presented to this court, through its grant of allocatur, is as follows: Whether an employer's workmen's compensation carrier is immune from liability in trespass to an employee for

injuries allegedly caused by the insurer's negligence in supplying medical services in the treatment and care of any injury previously sustained by the employee in the course of his employment.

In *DeJesus v. Liberty Mutual Insurance Co.,* 439 Pa. 180, 268 A. 2d 924 (1970), and *Brown v. Travelers Insurance Co.,* 434 Pa. 507, 254 A. 2d 27 (1969), our court held that an insurance carrier was immune from common law tort liability with respect to actions filed by employees seeking recovery for injuries sustained *in the course of their employment.* Those decisions were based on the premise that the term "employer" in the workmen's compensation act also covered the employer's workmen's compensation carrier.

Although *DeJesus, supra,* answered the question of the insurance carrier's liability for negligence occurring during the course of an employee's employment, it does not answer the difficult question before us today. In *DeJesus,* the court specifically stated as follows: ". . . in order to dispel any doubt that may have been caused by our decision in Brown, we now specifically find that the purpose of Section 18 [of the Pennsylvania Constitution], as amended, was to permit the General Assembly to enact a workmen's compensation program, but to preclude the enactment of general legislation covering injuries *other than those arising in the course of employment."* (Emphasis supplied). At page 184.

We must, therefore, decide if the injuries for which appellant seeks recovery herein arise during the course of his employment because only for those injuries does an employer receive immunity from liability under the act.[1]

---

[1] While the "employer" is required to provide medical services to injured employees under §306 of the Act of 1915, now 77 P.S. §531, March 29, 1972, P. L. 159, No. 61, that section does not confer upon the "employer" an immunity from liability for negligence in the supplying of these services.

We are of the opinion that acts of negligence arising out of medical treatment directed and controlled by the insurance carrier should not be classified as occurring during the course of employment. The medical treatment of injuries is a separate and distinct function of the insurance carrier which does not concern the employer and is not part of the employer's business operations. The alleged acts of negligence in this case were committed by the insurance carrier subsequent to and independent of the original injury and with no involvement of the employer whatsoever.

Order reversed and case remanded for further proceedings consistent herewith.