## Dent v. Philadelphia

*Stanley Bashman*, for plaintiffs.
*Drew D'Angelo*, for defendants.

KLEIN, R., J., December 13, 1979—Plaintiff, Anna Dent, employed by the City of Philadelphia as a parking enforcement officer, filed a complaint against the City of Philadelphia and certain physicians, alleging that those doctors, while treating plaintiff's injury at Philadelphia General Hospital (PGH), a City-owned hospital,* aggravated her condition.

---

*Philadelphia General Hospital has since ceased operations. The City of Philadelphia and the doctor-defendants remain as parties-in-interest.

Defendant filed preliminary objections on the grounds that because plaintiff is an employe of the City of Philadelphia, and the initial injury was work-related, her suit in tort is barred under the Pennsylvania Workmen's Compensation Act of December 5, 1974, P.L. 782, 77 P.S. §481(a) et seq. Defendant reasons that since plaintiff's initial injury is covered by the Workmen's Compensation Act, and PGH was owned by the City, that any acts by PGH doctors that aggravated plaintiff's condition must also be compensable exclusively under the act.

That is not the law in Pennsylvania. This situation has been ruled on by the Pennsylvania Supreme Court, and is governed by the case of Tropiano v. Travelers Insurance Co., 455 Pa. 360, 363, 319 A. 2d 426 (1974), where the Pennsylvania Supreme Court held that:

". . . [A]cts of negligence arising out of medical treatment directed and controlled by the insurance carrier should not be classified as occurring during the course of employment. The medical treatment of injuries is a separate and distinct function of the insurance carrier which does not concern the employer and is not part of the employer's business operations. The alleged acts of negligence in this case were committed by the insurance carrier subsequent to and independent of the original injury and with no involvement of the employer whatsoever."

In Tropiano, supra, plaintiff was injured during the course of his employment, and the treatments supplied by the employer's insurance carrier were harmful to him. The court observed at p. 362 that while an employer is required under the Act of August 24, 1953, P.L. 1382, as amended, 77 P.S. §531,

to provide medical services to injured employes, the legislature did "not confer upon the 'employer' an immunity from liability for negligence in the supplying of those services."

A city-owned hospital and its medical staff do not become immunized from malpractice claims merely because the patient happens to be a city employe. To so hold would mean that a city employe treated at a city-owned hospital could not sue the hospital or its employes for malpractice, but a person not employed by the city, injured by treatment received at the same facility, could maintain such an action. Also, an injured city employe would be able to sue for malpractice if he were treated at a private hospital with which the city contracted, but not if he were treated at a city-owned hospital. These results would be capricious and unjust.

Defendants rely on Vogel v. Jones and Laughlin Steel Corp., 221 Pa. Superior Ct. 157, 289 A. 2d 158 (1972), and Turner v. SEPTA, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978), in support of their position. However, in Vogel, supra, where the Workmen's Compensation Act was held to be the exclusive remedy, plaintiff was treated at the company's "Industrial Clinic." In the instant case, plaintiff was treated at a city-owned hospital which at the time treated both city employes and non-employes.

There is a vast difference between an industrial clinic and a full service general hospital. The former is created as an adjunct to employment to handle work-related injuries and other ailments of employes which interfere with their work duties. The latter serves to handle general medical problems of all citizens, and incidentally provides services to city employes. The key factor in Vogel v.

Jones and Laughlin Steel Corp., supra, and Baur v. Mesta Machine Co., 393 Pa. 380, 143 A. 2d 12 (1958), relied on by the Vogel court, was that the clinic or dispensary was an adjunct to the employment so that the mistreatment was an "industrial" accident. In Vogel and Baur going to the industrial clinic for a minor work-related accident (Vogel) or for a non-accidental illness (Baur) were considered to be something done by the employe "during the course of his employment."

Turner, supra, is totally inapposite. There, the Superior Court upheld the Honorable Ethan Allen Doty's ruling that an employe covered by the Workmen's Compensation Act, injured in the course of his employment, may not recover under the No-fault Act.

Plaintiff is not, in this action, pursuing a claim against her employer, the City of Philadelphia, for her original injury. Such a suit would be barred by 77 P.S. §481(a) et seq. Rather, she is suing a hospital and its employes who she alleges harmed her by aggravating the injury. In that respect, she is in a position similar to that of Mr. Tropiano. That the hospital was city-owned and the doctors were city employes does not bar her from maintaining a suit against them.

## ORDER

And now, December 13, 1979, upon consideration of defendants' preliminary objections and plaintiffs' answer thereto, it is hereby ordered and decreed that defendants' preliminary objections are dismissed, and defendants are ordered to file an answer to the complaint within 20 days from the date of the receipt of this order.