509 A.2d 374

**Vernon W. MANNING, Appellant,**

**v.**

**AETNA CASUALTY & SURETY CO., and Jason J. Litton, M.D.**

Superior Court of Pennsylvania.

Argued Feb. 27, 1986.

Filed May 16, 1986.

William G. Dade, Harrisburg, for appellant.

Randall G. Gale, Harrisburg, for appellees.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order granting appellee's, Aetna Casualty and Surety Co. (Aetna), preliminary objection in the nature of a demurrer and dismissing plaintiff/appellant's, Vernon Manning, complaint in assumpsit against Aetna.

On June 15, 1978, appellant was injured during the course of employment. Several months later his employer's workman's compensation carrier, appellee Aetna, requested that appellee physician, Jason J. Litton, examine appellant to evaluate his disability status in relation to the injuries he had sustained. A letter dated November 15, 1978, from Aetna to Dr. Litton, forms the basis of appellant's contract claim. It reads in pertinent part:

> I [Aetna's claim representative] would like for you to evaluate Mr. Manning's present disability status in relation to the injuries he sustained as a result of the accident on the above date [June 15, 1978]. If there are any physical limitations which should be placed upon the claimant which would enable him to return to light duty work, I would appreciate if you could list these for us.[1]

---

1. The record contains numerous pieces of correspondence between Dr. Litton and Aetna which were generated during the course of Mr.

Dr. Litton conducted the requested examination and informed Aetna that Mr. Manning was definitely able to do any type of light work, but not climbing or overhead work. Dr. Litton proceeded to provide medical care, including surgery and physical therapy treatments, to Mr. Manning. Appellant alleges that Dr. Litton negligently performed the surgery and physical therapy thus causing him further injury, pain and suffering.

Appellant contends that Dr. Litton breached a contractual obligation to Aetna "to exercise ordinary skill and care and reasonable judgment in diagnosing, treating, surgically repairing and caring for plaintiff's injuries." He bases this contractual duty upon the previously cited letter as well as upon the Pennsylvania Workmen's Compensation Act, 77 Pa.S.A. § 1 *et seq.* (Act) In particular, appellant cites sections 531 and 651, 77 Pa.S.A., in support of his proposition. Appellant maintains his standing to bring this action in contract by claiming that he is a third party beneficiary of the contract between Aetna and Dr. Litton.[2]

The trial court concluded that appellant had not asserted facts sufficient to support his conclusion that he was a third party beneficiary to the contract between Aetna and Dr. Litton and, therefore, granted appellee's demurrer. The issue to be decided by this court is whether the lower court was correct in reaching that conclusion. We find that the trial court correctly resolved this issue and, therefore, affirm its order.

"[T]he question of whether a contract was intended for the benefit of a third party is always one of construction. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of circumstances under which it was made." *Silverman v. Food Fair Stores*, 407 Pa. 507, 509, 180 A.2d 894, 895

Manning's treatment by Dr. Litton. Appellant does not assert that these documents form the basis for his contractual claim, nor would these documents support such a claim.

2. Appellant readily admits that his claim has been framed in terms of assumpsit, rather than trespass, because he failed to file this claim within the time required by the statute of limitations for trespass.

(1962); *B. Bornstein & Son v. R.H. Macy & Co.,* 278 Pa.Superior Ct. 156, 167, 420 A.2d 477, 482 (1980).

Our Supreme Court adopted the principles set forth in the Restatement (Second) of Contracts § 302 (1979) as a guideline for analysis of third party beneficiary claims in *Guy v. Liederbach,* 501 Pa. 47, 59–60, 459 A.2d 744, 751 (1983), thus overruling, in part, *Spires v. Hanover Fire Insurance Co.,* 364 Pa. 52, 70 A.2d 828 (1950).

Restatement (Second) of Contracts § 302 (1979) states:

§ 302.  Intended and Incidental Beneficiaries

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

The first part of section 302 sets forth a standing requirement which leaves discretion with the trial court to determine whether recognition of third party beneficiary status would be "appropriate." *Guy v. Liederbach, id.* The second part of section 302 defines the two types of claimants who may be intended as third party beneficiaries. If this two-step analysis is met, a party may assert a claim under the contract.

■ Appellant herein has failed to pass the first hurdle raised by section 302. The trial court concluded that his right to performance would not be appropriate under the circumstances of this case because it would not effectuate the intentions of the parties. The trial court reasoned:

Aetna had a right under the Workman's Compensation Act to seek and obtain an independent medical examination of the plaintiff.[1] Assuming arguendo that the request for such an examination was a contract between Aetna and Dr. Litton, the plaintiff was clearly not an intended third party beneficiary. To the contrary, the interest of Aetna, as a workman's compensation carrier, would be separate and distinct to (sic) the interest of the plaintiff.

---

[1] As amended 1956, February 28, P.L. (1955) 1120 § 1120, § 1, 77 P.S. 651.

Slip op. at 4. We fully agree with this conclusion. In requesting Dr. Litton to examine appellant, Aetna merely sought a report on his ability to return to gainful employment. Aetna did not request that Dr. Litton treat appellant nor does appellant allege that he was required by Aetna to use the services of Dr. Litton. We must assume that appellant independently chose to be treated by Dr. Litton and, therefore, any malpractice committed by him cannot be imputed to Aetna. The simple fact that Aetna paid for Dr. Litton's services, as required by contract and statute, does not raise the suggestion that it assumed responsibility for the quality of care provided.

Appellant also claims that he has standing to assert a contractual claim based on Aetna's contract with his employer by which it provides workman's compensation insurance. Paragraph 74 of appellant's complaint states:

74. As the worker's compensation carrier for Sammons [employer], defendant Aetna had a contractual duty to provide plaintiff with sufficient, reasonable, proper, and skilled medical and hospital care and to provide physicians and surgeons of reasonable and sufficient skill and knowledge who would perform and apply their ordinary skill and knowledge to examine, diagnose, treat, care and supervise the treatment of plaintiff's injuries that occurred within the scope of his employment.

Appellant does not contend that this alleged contractual duty is based on the terms of the instant contract, but that

it is the logical extension of the holding in *Tropiano v. Travelers Insurance Co.*, 455 Pa. 360, 319 A.2d 426 (1974). In *Tropiano*, the Supreme Court held that an employer's compensation insurance carrier was not immune from liability in trespass to an employe for injuries allegedly caused by the insurer's negligence in supplying medical services. Relying on *Tropiano, supra*, appellant asks this court to find by implication that Aetna accepted liability for the actions of all medical practitioners for whose services it paid. This we will not do.

The application of *Tropiano* to this case is limited. *Tropiano* simply held that the insurance carrier was not immune from a claim, in trespass, for "acts of negligence arising out of medical treatment directed and controlled by the insurance carrier..." *Tropiano*, 455 Pa. at 363, 319 A.2d at 427. The key phrase is "directed and controlled by the insurance carrier". *Tropiano* was decided before the 1978 amendments to the Act. At that time, section 306 of the Act, 77 P.S. § 531, required the employer, via the insurance carrier, to provide medical services to injured employees.[3] The 1978 amendments to that section[4] provide only that the employe must initially seek treatment from one of five physicians designated by the employer for the first fourteen days after the injury occurred. After that fourteen day period, the employe may seek treatment from a licenced practitioner of his choice and the carrier's only responsibility is to pay for that treatment.[5] *Tropiano* does

---

3. **§ 531. Surgical and medical services and supplies; refusal by employee; artificial limb or eye**

   During the first ninety days after disability begins, the employer shall furnish reasonable surgical and medical services, medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer.

4. Act of July 1, 1978, P.L. 692, No. 119, § 1.

5. **§ 531. Surgical and medical services and supplies; designation by employer; artificial limb or eye**

   The following schedule of compensation is hereby established:
   (1) The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licenced practitioners of the healing arts, medicines, and supplies, as and when needed: Provide, That if a list of at least five designated physicians

not support appellant's conclusion that a workmen's compensation contract necessarily creates a right in all employes to bring a claim against the carrier for negligent acts committed by medical providers.

Finally, although not dispositive of the issue raised herein, we note that appellant has not suffered an uncompensated loss. "Where a claimant [as appellant] in good faith seeks medical treatment for his [work-related] injury, and the medical treatment itself either aggravates the existing injury or causes new or additional injury, the law regards the latter as having been caused by the original accident." *Workmen's Compensation Appeal Board v. Berger & Sons*, 470 Pa. 239, 243, 368 A.2d 282, 284 (1977), citing *Hurchick v. Falls Twp. Bd. of Supervisors*, 32 Pa.D.&C.2d 729, 734–36, affirmed per curiam on the opinion of the court below, 203 Pa.Superior Ct. 1, 198 A.2d 356 (1964). Thus, appellant's alleged further injuries are compensable under the Workmen's Compensation Act.

We find appellant's attempt to bootstrap a medical malpractice claim onto a claim in contract, thus bringing in an additional uninvolved party, Aetna, untenable. Accordingly, the order of the trial court granting appellee Aetna's preliminary objections in the nature of a demurrer is affirmed.[6]

Affirmed.

or other duly licenced practitioners of the healing arts or a combination thereof is provided by the employer, the employe shall and be required to visit one of the physicians or other practitioners so designated and shall continue to visit the same or another physician or practitioner for a period of fourteen days from the date of the first visit. Subsequent treatment may be provided by any physician or any other duly licenced practitioner of the healing arts or a combination thereof, of the employes own choice, and such treatment shall be paid for by the employer.

6. The conclusion reached here is fully supported by a recent decision of this court in *Craddock v. Gross*, 350 Pa. Superior Ct. 575, 504 A.2d 1300 (1986). In *Craddock*, this court affirmed the trial court's grant of defendant physician's motion for summary judgment as to plaintiff's action in trespass. The panel held that a physician who conducted an examination of plaintiff at the request of workman's compensation carrier owed no "duty" to plaintiff/employe.