**Wayne TAYLOR, Appellant,**

v.

**WOODS REHABILITATION SERVICE and Dana L. Chattin, M. Ed., NCC, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 9, 2003.

Filed March 30, 2004.

Thomas D. Aristide, Bethlehem, for appellant.

Michael J. Dunn, Philadelphia, for appellees.

BEFORE: JOHNSON, LALLY–GREEN, and POPOVICH, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Wayne Taylor, appeals from an order granting the motion for summary judgment of Appellees, Woods Rehabilitation Service and Dana L. Chattin, and dismissing Appellant's claims. We reverse.

¶ 2 The trial court found the following facts:

On August 14, 1996, Mr. Taylor was injured on the job while working for the Bethlehem Area School District. As a result of this injury, Mr. Taylor suffers from various conditions including the inability to use and control his bowel and bladder movements. Since the incident, Mr. Taylor has been on medical leave from the Bethlehem Area School District and continues to receive worker's compensation benefits pursuant to the Pennsylvania Worker's Compensation Act.

At the time of the incident, Bethlehem Area School District had engaged Selestech, Inc. as a third-party administrator to administer the workers compensation benefits to the school district's injured employees. Selestech, Inc., in turn, retained the Defendants to provide vocational rehabilitation services for the Plaintiff. Defendant Woods Rehabilitation Services ("Defendant Woods") assigned Defendant Dana Chattin ("Defendant Chattin") to the Plaintiff's case to provide vocational rehabilitation services. Defendants provided ongoing vocational rehabilitation services for the Plaintiff, including securing job interviews for Mr. Taylor.

On May 3, 2001, Plaintiff initiated this action against the Defendants for Vocational Malpractice, Breach of Contract, and Intentional Infliction of Emotional Distress. Plaintiff alleges that Defendants failed to take into consideration and inform potential employers of Plaintiff's limitations regarding bowel and bladder control. Defendants deny the allegations and assert that this matter is not properly before this court because jurisdiction remains within the Worker's Compensation Appeal Board, who have exclusive jurisdiction over worker's compensation matters. On December 6, 2002, Defendants filed the instant Motion for Summary Judgment, asserting improper jurisdiction and failure of the claims on their merits.

Trial Court Opinion, 5/1/03, at 1–2.

¶ 3 Appellant raises the following issue on appeal:

Where a Plaintiff seeks redress for injuries that do not arise in the course and scope of employment, where such injuries are not recoverable under the Workers' Compensation Act, and do not fit within the definitional aspects of "injury" within the meaning of the Workers' Compensation Act, are such causes of action subject to the immunity/exclusivity provisions of the Act?

Appellant's Brief at 4.

¶ 4 Our standard of review of a trial court's grant of a motion for summary judgment is well settled:

As with all questions of law, our scope of review of a trial court's order granting summary judgment is plenary. Our standard of review is the same as that of the trial court; we must review the record in the light most favorable to the non-moving party granting her the benefit of all reasonable inferences and resolving all doubts in her favor. We will reverse the court's order only where the appellant, in this case Lewis, demonstrates that the court abused its discretion or committed legal error.

*Lewis v. Philadelphia Newspapers, Inc.*, 833 A.2d 185 (Pa.Super.2003).

¶ 5 Summary judgment is appropriate under the following circumstances.

Pennsylvania Rule of Civil Procedure 1035.2 provides that any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to the jury.

In addition, we are mindful that in considering a motion for summary judgment the court must examine the record in the light most favorable to the non-moving party; that the court's function is not to decide issues of fact but merely to determine whether any such issues exist; and that all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party.

*Ward v. Rice*, 828 A.2d 1118, 1119–20 (Pa.Super.2003), *quoting, Taylor v. Tukanowicz*, 290 Pa.Super. 581, 435 A.2d 181, 183–84 (1981).

¶ 6 The trial court addressed each claim raised by Appellant separately as follows:

### 1. Vocational Malpractice

Plaintiff states in his complaint that defendants breached the duty of care owed to him, causing damages and constituting vocational malpractice. This alleged breach of professional duty is part of the general handling of the Plaintiff's workers compensation insurance claim because Defendants were engaged by the employer's worker's compensation administrator. Therefore, Defendants are immunized from private suit by the exclusivity provision of the Worker's Compensation Act. Accordingly, Defendants' Motion to Dismiss this claim will be granted.

### 2. Breach of Contract

According to the Complaint, the alleged contractual breach is based upon the assertion that the Plaintiff is a third party beneficiary of Defendant Wood's contract with Selestech, Inc. As such, Plaintiff asserts that Defendants' failure to pay proper attention to his physical limitations constitutes breach of contract. This alleged failure to adequately address Plaintiff's limitations is part of the vocational rehabilitation of the Plaintiff set up by the worker's compensation administrator Selestech, in conjunction with those services. Because it is related to the worker's compensation injury, this claim is immunized from private suit by the exclusivity provision of the Worker's Compensation Act. Thus, Defendant's Motion to Dismiss this claim will be granted.

### 3. Intentional Infliction of Emotional Distress

Finally, Plaintiff claims that the Defendants caused negligent infliction of emotional distress because their failure to inform potential employers of Plaintiff's limitations led to the Plaintiff's embarrassment, humiliation, and emotional distress when he attended job interviews and had to discuss his limitations. However, the legal immunity which is afforded to employers and their compensation insurers extends not only to acts of negligence, but also to claims based on intentional, wanton and willful misconduct. The underlying action remains the compensable worker's compensation injury, thus, the Defendants are immunized from private suit by the exclusivity provision of the Worker's Compensation Act. Therefore, Defendants' Motion to Dismiss this claim will be granted.

Trial Court Opinion, 5/1/03, at 7–8 (citations omitted). The trial court, thus, dismissed all of Appellant's claims on the basis that they were exclusively within the provision of the Pennsylvania Workers' Compensation Act ("Act"). After review of the relevant statutory and case law, we disagree.

¶ 7 We first discuss the applicable statutory provisions. The employer immunity provision of the Act provides:

**Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes... or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2)....

77 P.S. § 481(a). The Act defines an "injury" as follows:

**"Injury," "personal injury," and "injury arising in the course of his employment" defined**

(1) The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury... The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employee or because of his employment; ... but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer....

77 P.S. § 411(1). The Act, thus, restricts coverage to injuries arising in the course of employment and related thereto.

¶ 8 In *Tropiano v. Travelers Insurance Co., et al.*, 455 Pa. 360, 319 A.2d 426 (1974), our Supreme Court addressed the issue of whether an employer's workmen's compensation carrier was immune from liability in trespass to an employee for negligently provided medical services for the treatment of a work-related injury. In addressing that issue, the court recognized the importance of determining whether the alleged injuries arose during the course of Tropiano's employment.

¶ 9 The *Tropiano* Court stated:

[W]e are of the opinion that the acts of negligence arising out of medical treatment directed and controlled by the insurance carrier should not be classified as occurring during the course of em-

ployment. The medical treatment of injuries is a separate and distinct function of the insurance carrier which does not concern the employer and is not part of the employer's business operations. The alleged acts of negligence in this case were committed by the insurance carrier subsequent to and independent of the original injury and with no involvement of the employer whatsoever. *Tropiano*, 319 A.2d at 427. The Supreme Court, thus, held that injuries caused by medical treatment administered at the direction of the employer's workmen's compensation carrier are not the type of injuries for which the carrier should be immune from liability because such acts did not arise during the course of employment and, thus, were not within the province of the Act. *Id.*

¶ 10 In *Taras v. Wausau Insurance Cos., et al.,* 412 Pa.Super. 37, 602 A.2d 882 (1992), *appeal denied,* 532 Pa. 657, 615 A.2d 1313 (1992), this Court addressed a similar factual scenario. An injured employee, who had been receiving workers' compensation benefits, was required by the carrier to undergo electro-convulsive therapy in order to continue his eligibility for benefits. *Id.* at 883. After the employee sustained an additional aggravation to his underlying work-related injury as a result of the required therapy, he sued the compensation carrier and its agent for negligent direction and coordination of his medical care. *Id.* We held that the workers' compensation carrier and its agency were not immune from suit pursuant to statutory immunity provisions in the Workers' Compensation Act because the injuries stemmed from a separate, non-work-related injury. *Id.* at 886–90.

¶ 11 Further, our sister court has determined that post-injury emotional disorders or aggravations related to an insurance company's modification or termination of benefits do not constitute a compensable injury under the Act because they are not related to the work injury nor do they occur in the course and scope of employment. *Gulick v. Workers' Compensation Appeal Board (Pepsi Cola Operating Co.),* 711 A.2d 585 (Pa.Cmwlth.1998). While not controlling, we find this determination persuasive.

¶ 12 The above cases indicate that liability under the Act is not afforded to compensation or insurance carriers or their agents when their negligent acts result in harm to an employee from a separate, non-work-related injury.[1]

¶ 13 Here, Appellant seeks damages for vocational malpractice and intentional infliction of emotional distress arising out of conduct by a third party, the rehabilitation company. Appellant seeks damages on the basis that the vocational rehabilitation services provided by Woods Rehabilitation were unethical and inhumane because they forced Appellant to disclose the intimate details of his bowel and bladder incontinence to potential employers. These damages for the alleged emotional distress occurred over four and a half years after the occurrence of Appel-

---

1. We observe that the trial court relied upon *Kuney v. PMA Insurance Company,* 525 Pa. 171, 578 A.2d 1285 (1990) and *Alston v. St. Paul Insurance Companies,* 531 Pa. 261, 612 A.2d 421 (1992) in support of its decision. In *Kuney* and *Alston,* the appellants were seeking an exception to the immunity provisions against the workers' compensation insurance company for damages that flowed from the work injury and which were recoverable under the Act. In *Kuney,* the claim was wrongful delay of benefits. In *Alston,* the claim was the fraudulent denial of such benefits. Since the issue in Appellant's case focuses on whether the claim is covered in the first instance, *Kuney* and *Alston* are not the applicable precedent for Appellant's case.

lant's original work-related injury and relate to an entirely different injury than the one for which Appellant originally received workers' compensation under the Act. Case law supports this determination. *Tropiano; Taras; Gulick.*

¶ 14 Appellant also seeks damages for breach of contract asserting that Appellant was an intended third party beneficiary of the contract between Appellees, Woods Rehabilitation Service and the third party administrator workers' compensation benefit company, Selestech. As breach of contract claims do not seek redress for an "injury" as defined in the Act, the immunity provisions of the Act do not apply and Appellant's claim for breach of contract is not barred either. 77 P.S. § 411(1); *Lewis v. School District of Philadelphia,* 517 Pa. 461, 538 A.2d 862, 869 (1988) (when an injury arises from a relationship which is distinct from that of employer and employee and invokes a different set of obligations than the employer's duties to its employee, there is no justification for shielding the employer from liability at common law.)

¶ 15 Accordingly, on the basis of the foregoing, the learned trial court erred in dismissing Appellant's claims on the basis that they are barred by the exclusivity provision of the Act. We, thus, reverse the order of the trial court granting the summary judgment motion of Appellees and remand for proceedings consistent with this memorandum. We do not comment on the merits of Appellant's underlying claim.

¶ 16 Order reversed. Case remanded. Jurisdiction relinquished.